IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHNNY E. SCOTT,

      Petitioner,

v.                                                               Civil Action No. 3:15cv2
                                                                    (Judge Groh)

FCI GILMER,
WARDEN J. PERDUE,

      Respondents.

## REPORT AND RECOMMENDATION

On January 7, 2015, Petitioner, acting *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. On February 23, 2015, Petitioner paid the $5 filing fee, and on March 3, 2015, he filed his petition on this Court's approved form. The undersigned issues this Report and Recommendation without requesting a response because it is clear that Petitioner is not entitled to the relief he requests.

### I. Factual and Procedural Background

Petitioner, a federal inmate incarcerated at FCI Gilmer is currently serving a sentence imposed on November 2, 2013, in the United States District Court for the Southern District of Florida following a multi-day trial. Specifically, the Court sentenced Petitioner to a term of 138 months, representing 78 months as to counts 1-4 of the Superceding Indictment (for conspiracy to possess with intent to distribute MDMA; possessing with intent to distribute MDMA+, and being a felon in possession of a firearm) and 60 months as to count 5 (possessing a firearm in furtherance of a drug trafficking offense. Petitioner currently has a Motion to Vacate pursuant to 28 U.S.C. §

1

2255 pending before the sentencing court as well as a Motion to Reduce Sentence.

## II. The Petition

Petitioner's claim relates to the Residential Drug Abuse Program ("RDAP") and in particular the early release provision of 18 U.S.C. § 3621(e). Petitioner maintains that he is aware that the Bureau of Prisons ("BOP') is giving inmates in the Ninth Circuit the early release benefits of § 3621(e), but that same benefit is being denied to inmates in other circuits. More specifically, Petitioner notes that the Fourth Circuit upholds a regulation that denies early release to prisoners with prior involvement with firearms. As a result, Petitioner maintains that he is being denied his right to equal protection. For relief, Petitioner seeks an Order directing the BOP to transfer him to a "lateral" prison within the Ninth Circuit.

## III. Analysis

### A. Historical Background

Pursuant to the Crime Control Act of 1990, Congress required the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). In 1994, Congress authorized the BOP to reduce by up to one year the sentence of "a prisoner convicted of a nonviolent offense" who successfully completes a treatment program. 18 U.S.C. § 3621(e)(2)(B);[1] Pelissero v. Thompson, 170 F.3d 442, 443-444 (4th Cir. 1999).

Congress delegated to the BOP authority to administer its drug abuse programs, see 28 C.F.R.

---

[1] This section provides as follows:
The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

§550.56, and gave the BOP the discretion to determine which prisoners may participate in RDAP and which prisoners are eligible for sentence reductions. Lopez v. Davis, 531 U.S. 230 (2001).

However, Congress did not define the term "nonviolent offense" used in §3621(e)(2)(B). Consequently, the BOP adopted a regulation in May 1995, which defined "'nonviolent offense' as a converse of 'a crime of violence,'" and "excluded from eligibility for early release under §3621(e)(2)(B) those inmates whose 'current offense is determined to be a crime of violence' as set forth in 18 U.S.C. §924(c)(3)." Pelissero, 170 F. 3d at 444; see also 28 C.F.R. §550.58. In addition to enacting the regulation, in May 1995, the BOP adopted Program Statement ("P.S.") § 5330.10 which reiterated Regulation 550.58. In July 1995, the BOP then adopted P.S. § 5162.02 "to further assist case management staff in deciding whether an inmate qualifies for early release under 18 U.S.C. §3621(e)(2)(B) and under implementing Regulation 550.58." P.S. § 5162.02 identified offenses that may be crimes of violence and specifically provided that an individual who is convicted of a drug offense under 21 U.S.C. §841 and received a two-level enhancement for possession of a gun has been convicted of a crime of violence. Id.

However, as noted by the Fourth Circuit in Pelissero, some federal courts held that possession of a firearm by a felon is not a crime of violence under 18 U.S.C. §924(c). In response to the circuit split, the BOP issued an amended interim rule clarifying its position. The amended rule categorically excluded from early release inmates convicted of a felony "[t]hat involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives. 28 C.F.R. § 550.58(a)(1)(vi)(B) (1997). However, this rule did not purport to rely on the statutory exclusion for "crimes of violence." Instead, the rule based its authority on the discretion allotted to the BOP Director to grant a sentencing reduction. 62 Fed.Reg. 53690 (October 15, 1977). The BOP explained,

3

"even as the Bureau concedes that offenses related to this regulation are 'non violent' offenses, the implementing statute does not mandate that all 'non-violent' offenders must receive an early release. The statute merely indicates that the sentence may be reduced by the Bureau of Prisons." 65 Fed.Reg. 80745, 80747 (Dec. 22, 2000).

The amended rules invoked a second divide in the circuits courts, this time over the question of whether the categorical exclusion was a permissible exercise of the BOP's discretion to reduce sentences. *Compare* Bellis v. Davis, 186 F.3d 1092, 1095 (8th Cir. 1999)(holding the new rule was a valid exercise of BOP discretion), *and* Bowen v. Hood, 202 F.3d 1211, 1220 (9th Cir. 2000)(same) *with* Ward v. Booker, 202 F.3d 1249, 1256-57 -(19th Cir. 2000)(reaching the opposite- result) *and* Kilpatrick v. Houston,-197 F.3d 1134, 1135 (11th Cir. 1999)(same).

Thereafter, the Supreme Court granted certiorari and resolved the conflict in Lopez v. Davis, 531 U.S. 230 (2001). In its decision, the Court held § 3621(e)(2)(B) granted the BOP discretion to categorically deny early release eligibility to certain classes of inmates. The Court further found a rule excluding felons in possession of a weapon was a permissible exercise of that discretion:

> Having decided that the Bureau may categorically exclude prisoners based on their pre-conviction conduct, we further hold that the regulation excluding Lopez is permissible. The Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision.

Id. at 244.

The 1997 interim rule became final without change in 2000. 28 C.F.R. § 550.58(a)(1)(vi)(B) (2000). In 2009, the BOP again amended the rule to provide additional discussion of its view that offenders convicted of a firearm possession charges pose special dangers:

4

> [I]n the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggests that they pose a particular risk to the public. There is a significant potential for violence from criminals to carry, possess or use firearms. As the Supreme Court noted in Lopez V. Davis, "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." The Bureau adopts this reasoning. The Bureau recognizes that there is a significant potential for violence from criminals to carry, possess or use firearms while engaged and felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.

74 Fed. Reg. 1892, 1895 (Jan. 14, 2009)(internal citations omitted). As a result, the BOP's regulation now sets forth both the public safety any uniformity rationale that was less clear in earlier versions of the regulation.

## C. Arrington v. Daniels

Although Petitioner does not cite his authority, he argues that the Ninth Circuit, unlike the Fourth Circuit, permits inmates sentenced to crimes involving a firearm to remain eligible for the potential one year reduction in sentence following completion of RDAP. It is clear Petitioner is referencing the Ninth Circuit decision in Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008). Arrington held that 28 C.F.R. § 550.58 violates the APA because it is arbitrary, capricious, an abuse of discretion, or is otherwise not in accordance with the law. The Court stated:

> [the] district court had found two rational bases for the Bureau's decision to categorically exclude from eligibility for early release those prisoners convicted of offenses involving the possession, carrying, or use of firearms; (1) the increased risk that offenders with convictions involving firearms might pose to the public and (2) the need for uniformity in the application of the eligibility regulation.

Arrington, 516 F.3d at 1113. The Ninth Circuit then examined the validity of each rationale.

   1. Threat to Public Safety

As to the first rationale, those convicted of firearm offenses pose a greater threat to public safety, the Ninth Circuit found this rationale arbitrary and capricious. Specifically, the Court found that this rationale was no where in the administrative record. "[The Court is] limited to the explanations offered by the agency in the administrative record." Id. (citing State Farm Mut. Auto Ins. Co., 463 U.S. at 50). It was irrelevant to the Court that this rationale was proffered by the Bureau in its brief to the Supreme Court in Lopez. Id. The Court found this to be a type of "'*post hoc* rationalization' of appellate counsel that it was forbidden to consider in conducting its review under the APA." Id. (citing Burlington Truck Lines v. United States, 371 U.S. 156, 168 (1962)).

Furthermore, the Court, in a footnote, discussed the argument that it is a common sense decision to exclude those prisoners convicted of offenses involving firearms. Arrington, 516 F.3d at 1113. The Bureau, using Bowen, 202 F.3d at 1219, made the argument that because it is common sense that these types of prisoners pose a threat to public safety "[the Bureau] should . . . not be required to further support its decision with detailed analysis or empirical support." Arrington, 516 F.3d at 1113. In response the Ninth Circuit stated:

> The Bureau's "common-sense" argument lacks legal significance in the APA review context where, as here, the agency failed to articulate the grounds for its purportedly common-sense decision anywhere in the administrative record. Although our review is deferential, the Bureau is not immune from its responsibility to "articulate [ ] a rational connection between the facts found and the choices made." [Ranchers Cattlemen Action Legal Fund v. U.S. Dep't of Agriculture, 415 F.3d 1078, 1094 (9th Cir. 2005).] Given the Bureau's failure to articulate any rationale, its argument that the agency should not be required to provide additional detailed analysis and empirical support for its purportedly "common-sense" decision is inapposite.

Id. Therefore, the Ninth Circuit found this reasoning could not be considered. The Ninth Circuit then examined the second rationale.

2. Uniformity

"Uniformity in the application of the eligibility regulation," while in the administrative record, was still found to be arbitrary and capricious by the Ninth Circuit. Arrington, 516 F.3d at 1113. 65 Fed. Reg. 80745 states that the third interim rule attempted to correct the varying interpretations of the first interim rule so that "the Bureau could apply the regulation in a uniform and consistent manner." However, uniformity, according to the Ninth Circuit, does not explain the choice that was made between including or excluding those prisoners convicted of offenses involving the possession, carrying, or use of firearms. Arrington, 516 F.3d at 1114.

> The agency's lack of explanation for its choice renders its decision arbitrary and capricious. See, e.g., Burlington Truck Lines, Inc., 371 U.S. at 167 (striking down action for failure to explain why agency chose one of two available remedies where "[t]here are no findings and no analysis here to justify the choice made, no indication of the basis on which the [agency] exercised its expert discretion").

Arrington, 516 F.3d at 1114. Dismissing both rationales put forth by the BOP, the Ninth Circuit then discussed the Supreme Court's decision in Lopez v. Davis, 531 U.S. 230 (2001), which, on its face, seemingly justifies 28 C.F.R. § 550.58.

    3. Lopez Decision

The Ninth Circuit distinguished Lopez by narrowly construing its holding. Specifically, the Ninth Circuit stated that Lopez "addressed a distinct question: whether the Bureau had the authority to pass a rule categorically excluding otherwise eligible prisoners from a grant of early release under § 3621(e)." Arrington, 516 F.3d at 1115. Moreover, the Ninth Circuit found that the Supreme Court, in deciding this question, did not "consider an APA challenge to the validity of the Bureau's 1997 interim rule." Id.

In Lopez, the Supreme Court agreed with the Bureau's rationale that "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the

7

view that such inmates displayed a readiness to endanger another's life." Lopez, 531 U.S. at 245. However, the Ninth Circuit contends that "this rationale . . . was supported by citation not to the administrative record but to the Bureau's brief." Arrington, 516 F.3d at 1115 (citing Lopez, 531 U.S. at 236). The Ninth Circuit further states that "[t]he Lopez Court's reliance on the arguments of appellate counsel, rather than on the administrative record, evidences the fact that the Lopez Court . . . was not engaged in § 706 review." Arrington, 516 F.3d at 1115-16. The Court in Arrington then noted that although the Lopez decision recognized "that there are rational explanations for the 1997 interim rule, which is identical to the Bureau's final rule in this case, they do not address whether the agency itself articulated those rationales in promulgating the final rule as required by § 706." Arrington, 516 F.3d at 1116. Finding no legitimate rationale for 28 C.F.R. § 550.58, the Ninth Circuit found that the Bureau's regulation failed to meet the arbitrary and capricious standard of § 706 and violated the APA. Id.

**D.   Snipe v. Phillips**

Of specific import to the Court's review of the instant petition is a decision issued in Snipe v. Phillips, 3:08cv22 (N.D.W.Va. Dec. 23, 2008), Chief Judge John Preston Bailey reviewed 28 C.F.R. § 550.58, 5 U.S.C. § 706, Lopez, Arrington and subsequent decisions of other Courts. After an extensive examination of the issue, Chief Judge Bailey determined that:

> The ***Lopez*** decision forecloses all issues presented in this case, except the issue left open by the Supreme Court in footnote 6 of the decision, which reads as follows:
>
>> *Amici* urge reversal on the ground that the Bureau violated the notice and comment requirements of the Administrative Procedure Act when it published the 1997 regulation. Brief for National Association of Criminal Defense Lawyers et al. as *Amici Curiae* 18- 24. We decline to address this matter, which was not raised or decided below, or presented in the petition for certiorari. Blessing

v. Freestone, 520 U.S. 329, 340, n. 3 (1997).

See Snipe, Memorandum Opinion and Order Adopting in Part and Reversing in Part Opinion/Report and Recommendation (Doc. 37) at 4-5 (quoting Lopez, 531 U.S. at 244, n. 6.)

Moreover, Chief Judge Bailey determined that the issue left open by Lopez was not a genuine issue as the regulation is clearly interpretive. Id. at 5 (citing Minotti v. Whitehead, ___ F.Supp.2d ___, 2008 WL 4791462 (D. Md. Oct. 31, 2008); Pelissero v. Thompson, 170 F.3d 442 (4th Cir. 1999); Patterson v. DeWalt, 2006 WL 1520724 (D. Md. May 26, 2006); Keller v. Bureau of Prisons, 2006 WL 4808626 (D. Md. Nov. 15, 2006); Chevrier v. Marberry, 2006 WL 3759909 (E.D. Mich. Dec. 20, 2006)). Thus, "[t]he 'notice and comment' requirements of the Administrative Procedure Act ("APA") do not apply . . ." Id. Even if it did, Chief Judge Bailey found that "the final regulation, effective December 22, 2000, complied with the 'notice and comment' requirement of the APA." Id. (citing Chevrier, at *9; Baxter v. Quintana, 2008 WL 5115046 *6 (W.D.Pa. Dec. 4, 2008)).

Turning then to the Arrington decision, Chief Judge Bailey noted that "[m]ost of the courts outside of the Ninth Circuit which have considered the validity of the regulation in light of Arrington have found the decision not to be persuasive and have declined to follow it." Id. at 6. After examining those cases,[2] Chief Judge Bailey agreed that Arrington was unpersuasive, declined to follow its holding and upheld the challenged regulation. Id. at 6-12. Accordingly, following the Snipe decision, it is not improper for the BOP to disqualify Petitioner from eligibility for early

---

[2] See Harrison v. Lamanna, 19 Fed.Appx. 342 (6th Cir. 2001) (unpublished); Sinclair v. Eichenlaub, 2008 WL 5235981 (E.D. Mich. Dec. 15, 2008); Baxter v. Quintana, supra; Minotti v. Whitehead, ___ F.Supp.2d ___, 2008 WL 4791462 (D.Md. Oct. 31, 2008); Neal v. Grondolsky, 2008 WL 4186901 (D.N.J. Sept. 9, 2008); Gatewood v. Outlaw, 2008 WL 2002650 (E.D.Ark. May 8, 2008).

release.

E.   **Equal Protection Claim**

Petitioner alleges that his right to equal protection has been, or will be violated because inmates who are incarcerated, or have completed the RDAP program in the Ninth Circuit are treated differently due to the BOP's recognition of the Arrington decision. The relevant equal protection cases provide a basic three-step analysis to determine whether an inmate's right to equal protection has been violated. First, the inmate must produce evidence to show that he was treated differently than other similarly situated inmates. See Durso v. Rowe, 579 F.2d 1365, 1371 (7th Cir. 1978). Second, the inmate must show that he was intentionally singled out for harsher treatment. See Brandan v. District of Columbia Bd. Of Parole (1), 734 F.2d 56, 60 (D.C.Cir. 1984): Stringer v. Rowe, 616 F.2d 993, 998 (7th Cir. 1980). Third, if the inmate was purposefully singled out, the analysis can take on of two paths. The first path is taken if the inmate can show that the prison's motivation in effecting its differential treatment implicates a suspect classification or a fundamental right. If this is established, the Court must strictly scrutinize the prison's actions. See O'Bar v. Pinon, 953 F.2d 74, 81-82. The prison might show that the classification is narrowly tailored to a compelling governmental interest. Id. If the prison's reason for the differential treatment does not implicate a suspect class or fundamental right, the analysis takes the second path. See Brandon (I)**,** 734 F.2d at 60, Brandon V. District of Columbia Bd. Of Parole (II), 823 F.2d 644, 650 (D.C. Cir. 1987). On this path, the differential treatment is subject only to rational basis review. See O'Bar, 953 F.2d at 81-82. A rational basis review requires that the Government's decision to treat similarly situated individuals differently bears some rational relationship to a legitimate State purpose. See id. At 81; Brandon (I), 73w4 F.2d at 60; Brandon (II), 823 F.2d at 650.

The undersigned finds that Petitioner fails to allege that a similarly situated inmate at FCI Gilmer received the benefits of the Arrington decision. Petitioner simply compares his situation to that of an inmate incarcerated in the Ninth Circuit. This comparison, however, is inapposite because an FCI Gilmer inmate is not "similarly situated" to inmates incarcerated in the Ninth Circuit. Although the Arrington decision may be binding in the Ninth Circuit, Petitioner is not incarcerated in the Ninth Circuit, and therefore, is not similarly situated. Furthermore, Petitioner cannot show that he was intentionally singled out for harsher treatment. To the extent that petitioner may be denied the possibility of a one-year reduction in his sentence, the Arrington decision is inapplicable to petitioner because he neither completed the RDAP program in the Ninth Circuit, nor is he incarcerated in the Ninth Circuit. Thus the alleged harsh treatment is not an intentional act focused upon Petitioner, but is merely the result of his location. Finally, Petitioner does not allege that the decision not to apply Arrington was based on any suspect classification. The undersigned, therefore, finds that Petitioners failed to state a claim for denial of equal protection of the law.

Finally, to the extent Petitioner requests that this Court order his transfer to a BOP facility within the Ninth District, said relief is clearly unavailable. 18 U.S.C. §3621(b) provides that "[the Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate..." Furthermore, the transfer of a convicted and sentenced inmate is within the sound discretion of the Bureau of Prisons. Meachum v. Fano, 427 U.S. 215 (1976). Accordingly, this Court does not have the authority to transfer Petitioner.

## V. Recommendation

For the foregoing reasons, the undersigned RECOMMENDS that the petition (Doc. 8) be **DISMISSED with prejudice** from the active docket of this Court.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: March 17, 2015

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE